GREAT PACIFIC CO., INC. *v.* UNITED STATES (No. 3806)[1]

United States Court of Customs and Patent Appeals, November 5, 1934

*Lawrence & Tuttle* for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

[1] T. D. 47364.

[Oral argument October 1, 1934, by Mr. Folks; submitted on brief by appellant]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The appellee has here moved for an order in the above-entitled cause dismissing appèllant's application for review of the decision and judgment of the United States Customs Court by this court. Appellee grounds its motion on the premise that the appellant took no appeal from the judgment rendered by the trial court in the above-entitled cause (T. D. 46757) within the period of 60 days provided for in section 198 of the Judicial Code (title 28, sec. 310, U. S. C.).

The material facts upon which the motion is predicated are as follows:

The said decision and judgment were made and entered on November 20, 1933, by the Third Division of the United States Customs Court, said division at that time consisting of Judges Cline, Evans, and Keefe. Judge Evans did not participate in the decision. The above-entitled cause, on November 23, 1931, had been submitted for decision while on the docket for hearing at San Francisco. The case never again appeared on any calendar or docket. On December 20, 1933, appellant attempted to file a petition for rehearing under circumstances which are detailed in the trial court's decision, T. D. 46952, dated March 16, 1934, being a decision dismissing the said petition for rehearing, as follows:

\* \* \* The petition for rehearing was filed at the port of San Francisco on December 20, 1933, at the time Judge Evans of the Third Division was on circuit at that port. The petition for rehearing bears the following filing marks: "Received Port of San Francisco, Cal., Dec. 20, 1933, U. S. Customs Court, J. W. Dale, Clerk, by S. C. Hudnell, Reporter", being a rubber stamp, with the words "San Francisco, Cal., Dec. 20–33 S. C. Hudnell", written in ink. On the back of the petition is a filing mark as follows: "Filed Jan. 2, 1934, U. S. Customs Court J. W. Dale Clerk." The collector of customs and special United States attorney accepted service of the petition at San Francisco, December 20, 1933, their signatures being endorsed thereon.

Rule 30 of the United States Customs Court, adopted December 22, 1930, reads, in part, as follows:

All motions for rehearings under section 518 of the act of 1930 must be in writing and *filed with the clerk of this court within 30 days from the entry of judgment in the case in which rehearing is requested.* \* \* \* A copy of such motion for rehearing shall be served upon the opposite party, and 10 days after service shall be allowed such opposite party or attorney in which to file objections thereto. \* \* \* All motions for and all pleas in opposition thereto, shall be accompanied by a proposed order, such as each party may deem proper to be entered in the premises. Such motions shall be referred by the presiding judge to the judge or division of the court having jurisdiction in the premises. (Italics ours.)

The statutory authority for hearing or hearing and determining cases within the jurisdiction of the United States Customs Court at ports other than New York, is found in section 518 of the Tariff Act of 1930. Rule 30 was also adopted and promulgated with the view of carrying out certain provisions of said section. Pertinent portions of said section 518 are as follows:

SEC. 518. UNITED STATES CUSTOMS COURT.

* * * The offices of such court shall be at the port of New York. The court and each judge thereof shall have and possess all the powers of a district court of the United States for preserving order, compelling the attendance of witnesses and the production of evidence, and in punishing for contempt. The court shall have power to establish from time to time such rules of evidence, practice, and procedure, not inconsistent with law, as may be deemed necessary for the conduct of its proceedings, in securing uniformity in its decisions, and in the proceedings and decisions of the judges thereof, and for the production, care, and custody of samples and of the records of such court. Under such rules as the United States Customs Court may prescribe, and, in its discretion, the court may permit the amendment of a protest, appeal, or application for review. * * *; he [the presiding judge, or the acting presiding judge in his absence] may at any time before trial, under the rules of the court, assign or reassign any case for hearing or determination, or both, and shall designate a judge or division of three judges and such clerical assistants as may be necessary to proceed to any port within the jurisdiction of the United States for the purpose of hearing or of hearing and determining cases assigned for hearing at such port, and shall cause to be prepared and promulgated dockets therefor. * * * A majority of the judges of any division shall have full power to hear and decide all cases and questions arising therein or assigned thereto. A division of the court deciding a case or a single judge deciding an appeal for a reappraisement may, upon the motion of either party made within thirty days next after such decision, grant a rehearing or retrial of such case when, in the opinion of such division or single judge, the ends of justice so require.

It is conceded in this court that if the petition for rehearing in the case at bar had been filed in accordance with the above-quoted rule 30, appellant would have had 60 days from March 16, 1934, in which to file its petition for review.

The sole question presented for our decision is: Was the petition for rehearing timely filed with the clerk of the United States Customs Court? It is conceded that the petition should be filed with the clerk of such court and that it should be filed within 30 days from the entry of the judgment in the case (T. D. 46757). As above indicated, the motion for rehearing was accepted at San Francisco by said S. C. Hudnell, reporter, on December 20, 1933, which was within 30 days from the rendition of the judgment, and said petition so accepted was later filed January 2, 1934, by J. W. Dale, clerk of the United States Customs Court at the clerk's office in New York City. Appellant urges that the trial court has misinterpreted its rule, and only questions the validity of the rule when it is given the construction arrived at by the trial court in the instant case.

In support of its contention that the petition for rehearing was timely filed (at San Francisco) and that as a result of such filing appellant's petition for review here is timely, it is argued in effect that when a judge or judges of the United States Customs Court, together with such clerical assistance as may be necessary, have been designated for the purpose of hearing or of hearing and determining cases assigned for hearing at so-called "outport places", said judge or judges have the power to order any motion filed which pertains to any case within the jurisdiction of said court, even though it is not then on assignment for any action or placed upon the docket at said so-called "outport." It may be that appellant intended to limit its contention to cases which at one time had been on assignment at such outport.

It is not disputed that the law authorizes the filing of motions and petitions with the reporter or other clerical assistant who accompanies and works under said judge or judges in all matters pertaining to cases which have been assigned and are then and there docketed for hearing or hearing and determination at said port.

Appellant cites the example of a judge sitting at an "outport" in a reappraisement case, and also cites various decisions based on the action of commissioners in other jurisdictions, and argues that since the statute was obviously enacted for the convenience of litigants at ports distant from New York, the same rule should govern in the instant matter as controls in said other jurisdictions.

The difference between the instances referred to by appellant and the situation at bar is that the action of the single appraising judge or the commissioner referred to is taken by him in cases which he there has before him for such action. The petition for rehearing in the instant case was directed to a judgment which was in no sense before the judge sitting in San Francisco. The case had been decided by the United States Customs Court; and we do not think the law contemplated that merely because the case arose and was heard in San Francisco, it was in any sense pending or subject to any action by Judge Evans while there on specially assigned duty at a later date.

Appellant has here filed an affidavit seeking to excuse itself from not having filed in the New York office earlier. It is not shown here that these excuses were presented to the trial court. They were here presented in the form of an affidavit sworn to September 12, 1934, and filed October 1, 1934. Regardless of whether the facts set out in said affidavit would have been proper matter for the consideration of the trial court, if properly and timely filed there, such facts, for obvious reasons, cannot be considered by this court in our decision of the question at bar.

To hold that a judge or judges assigned to special cases at "outport places", while engaged in the performance of said assigned duty, are.

authorized to take any action affecting the status of cases which are not then on assignment and on the docket at said "outports", as provided by law, would, in our judgment, lead to utter confusion and uncertainty. Such action could not have been within the contemplation of Congress when section 518, *supra*, and similar provisions in prior tariff acts were enacted. We agree with the interpretation placed upon said rule 30 by the trial court. It is our view that if said rule was interpreted to mean what appellant contends it means, such rule would be extrajudicial and unauthorized by the statute.

Appellant has also urged in this court that its petition for rehearing must be regarded as having been filed within the proper period of time for the reason that the United States, being authorized to file pleas in opposition to the motion "within ten days after service" by said rule 30, not only failed to file such plea of opposition within ten days, but also failed to accompany such plea of opposition, which it filed after the expiration of the ten-day period, with a proposed order as prescribed by the rule. Appellant urges that this failure on the part of the Government to act in accordance with the terms of said rule operated as a waiver on the part of the appellee. Along the same line it is urged that counsel representing the United States in San Francisco when said petition was there filed, permitted the filing of the same with said S. C. Hudnell, reporter, without objection.

We think this contention is without merit. If the Government had filed nothing, the trial court would have been fully authorized in dismissing the petition for rehearing, and any action taken by Government counsel at San Francisco or at New York could not have rendered appellant's petition for rehearing there or its petition for review here timely.

We, therefore, hold that the filing of the petition for rehearing with said S. C. Hudnell, reporter, under the circumstances of this case, was not a filing with the clerk of the United States Customs Court within 30 days of the entry of the judgment involved. It follows that the petition for review to this court was not filed within the said 60 days statutory period; that the trial court properly dismissed the petition for rehearing; and that the petition for review here should be *dismissed*. It is so ordered.